UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| FRANK BOGGIO, | : | Case No. _____ |
| Plaintiff, | : | Judge _____ |
| v. | : | <u>COMPLAINT AND JURY DEMAND</u> |
| USAA FEDERAL SAVINGS BANK, | : | |
| Defendant. | : | |

## INTRODUCTION

Plaintiff alleges that Defendant's willful and/or negligent inaccurate reporting of a debt on Plaintiff's consumer credit reports has caused, and continues to cause, damage to Plaintiff's personal and credit reputation in violation of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq*.

## JURISDICTION AND VENUE

1. This Court has jurisdiction pursuant to 15 U.S.C. § 1681p and 28 U.S.C. § 1331.  Venue is proper in this district since the damage to Plaintiff's credit was incurred here.

## PARTIES

2. Plaintiff is a consumer within the meaning of 15 U.S.C. § 1681a(c).

3. Defendant is, upon information and belief, a corporation authorized to transact business in the State of Ohio and is a furnisher of consumer information as that term is used in the FCRA.  It is therefore subject to the requirements of 15 U.S.C. § 1681s-2(b).

## FACTS

4. In May 2007, Sarah L. Boggio purchased a Honda Civic from Bankston Honda, a dealership located in Lewisville, TX. (Copy attached hereto as Exhibit A)

5. At the time of this purchase, Plaintiff and Sarah Boggio were legally married but had been separated and living apart since November 2006.

6. Sarah Boggio financed the purchase through a loan from Defendant.

7. Plaintiff has never signed any contract, power of attorney, or other document obligating him to Defendant or authorizing Sarah Boggio to obligate him to Defendant.

8. On information and belief, Sarah Boggio has defaulted on the above loan.

9. Plaintiff had no knowledge of Sarah Boggio's debt to Defendant until after their divorce proceedings commenced in June 2008.

10. Plaintiff disputed the above debt to the Defendant as follows:

    a) Letter dated October 8, 2009 (Exhibit B hereto)

    b) Letter dated November 20, 2009 (Exhibit C hereto)

    c) Letter dated December 29, 2009 (Exhibit D hereto)

    d) Certified letter dated February 1, 2010 (Exhibits E and F hereto)

11. Despite having no documentary proof of Plaintiff's obligation to it, and despite full knowledge that Plaintiff was not obligated to it, Defendant has reported and continues to report to three credit reporting agencies that Plaintiff is in default on the above loan.

12. As a result of this negative reporting Plaintiff's credit score has dropped.

13. As a result of this negative reporting Plaintiff was denied credit in October 2009 when he attempted to purchase a Kenmore dryer. (Exhibit G hereto)

14. As a result of this negative reporting, Plaintiff was denied credit in June 2010 when he attempted to purchase a Samsung large-screen television. (Exhibit H hereto)

15. Plaintiff disputed the above debt to the credit reporting agencies as follows:

    a) Letter to CSC Credit Services dated October 8, 2009 (Exhibit I hereto)

    b) Letter to Experian dated October 8, 2009 (Exhibit J hereto)

    c) Letter to TransUnion Consumer Relations dated October 8, 2009 (Exhibit K hereto)

  d) Letter to TransUnion Consumer Relations dated November 20, 2009 (Exhibit L hereto)

  e) Letter to CSC Credit services dated December 29, 2009 (Exhibit M hereto)

  f) Letter to Experian dated December 29, 2009 (Exhibit N hereto)

16. Despite having full knowledge that Plaintiff was not obligated to it, Defendant has continued to verify to each of the above agencies that Plaintiff was in default on the loan in question.

## COUNT I:  FAIR CREDIT REPORTING ACT

17. The above-described conduct violated the Fair Credit Reporting Act, including but not limited to 15 U.S.C. § 1681s-2(b), in that Defendant knew from the information in its files that it could not verify the account in question as belonging to Plaintiff but, nevertheless, willfully and intentionally refused to report the correct result of its investigation to the national credit reporting agencies.

18. Defendant failed to conduct a reasonable investigation with respect to the disputed information, and/or failed to review all relevant information before reporting back to the national credit reporting agencies, also in violation of 15 U.S.C. § 1681s-2(b).

19. At all times referenced herein, the conduct and action of Defendant was negligent and/or willful.

20. In continuing to violate the Act despite written notice, Defendants has acted intentionally, willfully, recklessly, and in total disregard for Plaintiff's rights.

21. As a direct and proximate result of Defendant's conduct Plaintiff has had his credit limits lowered and has had credit accounts closed.

22. As a direct and proximate result of Defendant's conduct Plaintiff has suffered significant humiliation, frustration, embarrassment, anxiety, and loss of self-esteem and self-worth.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that this Court:

  a. Award a judgment for actual and statutory damages in an amount to be determined at trial.

  b. Award punitive damages for willful and intentional conduct in an amount to be determined at trial.

  c. Award Plaintiff his costs and a reasonable attorney fee as permitted by statute.

  d. Set this case for trial by jury on all appropriate issues; and

  e. Award such other relief as this Court deems appropriate at law or in equity.

Respectfully submitted,

/s/ *Stephen R. Felson*
Stephen R. Felson  (0038432)
215 E. Ninth St., Suite 650
Cincinnati, Ohio  45202
(513) 721-4900
(513) 639-7011 (fax)
SteveF8953@aol.com

Dennis S. Risch (0008293)
817 Main St., Suite 800
Cincinnati, OH  45202
(513) 421-4225
(513) 639-2547 (fax)
dsr@heiswenstrip.com
Counsel for Plaintiff

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all the within issues.

/s/ *Stephen R. Felson*